**Herbert McCLINTON et al.**

v.

**TURBINE SUPPORT, DIVISION OF CHROMALLOY AMERICAN CORPORATION, a Delaware Corporation.**

**Civ. A. No. SA-73-CA-191.**

United States District Court,
W. D. Texas,
San Antonio Division.

June 6, 1975.

Luis M. Segura, San Antonio, Tex., for plaintiff.

John W. Davidson, Doyle L. Coatney and Joseph C. Elliott, Sawtelle, Goode, Davidson & Troilo, San Antonio, Tex., for defendant.

### ORDER

JOHN H. WOOD, Judge.

On this 6th day of June, 1975 came on to be considered the Motion for Class Certification Pursuant to Rule 23, Federal Rules of Civil Procedure, filed by the plaintiff, Herbert McClinton, in the above entitled and numbered cause. By his motion, plaintiff seeks to have this Court certify this cause as a proper class action pursuant to Rule 23, Federal Rules of Civil Procedure.

As initial prerequisites to a class action, Rule 23(a) provides in pertinent part:

"One or more members of a class may sue . . . on behalf of all only if (1) the class is so numerous the joinder of all members is impracticable, (2) there are questions of law

or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

These prerequisites of Rule 23(a) are phrased in the conjunctive and, therefore all four conditions must be met in order for this suit to be certified as a class action. Although plaintiff's Motion for Class Certification does not specifically urge that the class is so numerous that the joinder of all members is impracticable, Paragraphs I. and II. of plaintiff's motion concern themselves generally with the question of numerosity and the Court will consider such paragraphs as an attempt by the plaintiff to meet this condition imposed by Rule 23(a)(1).

In Paragraph I. of his motion, plaintiff lists nine persons and in Paragraph II. claims that he has reason to believe that there are "at least twenty (20) black persons who have filed charges of employment discrimination against Defendant with the Equal Employment Opportunity Commission." In seeking to identify specifically these individuals, the plaintiff announces in his Motion for Class Certification his intention of seeking to subpoena all pertinent records from the EEOC "so as to ascertain the specific identity of such individuals". Plaintiff leaves it to the Court to speculate whether the nine persons listed in Paragraph I. are to be *included* in or *excluded* from the "at least twenty (20) black persons" referred to in Paragraph II. In other words, plaintiff seeks class certification based upon assertions to the Court not that the class is too numerous and joinder impracticable as Rule 23(a)(1) contemplates, but on unsupported assertions to the Court after more than two years time within which to complete his discovery that the class consists of nine, twenty, or maybe even twenty-nine persons; apparently the Court is to take its pick. Further, in order for the plaintiff to subpoena pertinent records from the EEOC, "so as to ascertain the specific identity of such individuals", plaintiff will have to clear the very significant hurdle raised by 42 U.S.C., Section 2000e–8(e) and it is doubtful indeed that this Court or any Court in the face of such hurdle will allow persons other than the individual filing the Complaint with the EEOC or the individual charged by such Complaint to have access to any information concerning the Complaint, except as provided by 42 U.S.C., Section 2000e–8(e).

■■ As has been observed by the Fifth Circuit on several occasions:

"Class actions are permissible, indeed often preferable, in actions under Title VII if the requirements of Rule 23(a) *and* (b)(2), Federal Rules of Civil Procedure, are satisfied . . . but when no such satisfaction occurs, the class action portion of a complaint should be dismissed." *Hill v. American Airlines, Inc.,* 479 F.2d 1057, 1059 (5th Cir., 1973).

Further:

" . . . With respect to the size of the purported class, the district court's determination of the existence vel non of a proper class is final unless abuse is shown. . . ." *Hill v. American Airlines,* supra, at page 1059.

In the *Hill* case, the plaintiff purported to represent all Blacks who are or might be skycaps for American at San Antonio or elsewhere in the United States. In the instant case, the plaintiff, Herbert McClinton, sues " . . . individually and for and on behalf of all other persons jointly and similarly situated . . . " Plaintiff McClinton seeks to bring this class action specifically pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure. As noted above, however, plaintiff McClinton must also satisfy the requirements of Rule 23(a). See *Hill v. American Airlines,* supra, at page

1059. Although plaintiff McClinton has not specifically so alleged, it is assumed by the Court that he urges that the class he seeks to represent is so numerous as to render joinder impracticable. As noted above, plaintiff McClinton seeks to represent a class of either nine, twenty or twenty-nine individuals. For purposes of the Motion for Class Certification, the Court will assume that the size of the class is twenty-nine individuals. This potential maximum size is not so large as to render joinder impracticable. While the requirements of Rule 23(a) must be read liberally in the context of suits brought under Title VII, it is incumbent upon the plaintiff class representative to establish that the action meets the requirements of Rule 23(a). *Rodriguez v. East Texas Motor Freight*, 505 F.2d 40, 50 (5th Cir., 1974). In this connection, plaintiff in the instant case has failed utterly to meet his burden as to the numerosity requirement under Rule 23(a)(1). He has shown the Court that there is a group of individuals numbering anywhere from nine to twenty-nine which might be included in the class and all of whom are to be found in the same geographic location.

▆ In deciding whether the requirements of Rule 23(a)(2), (3) and (4) have been met, the Court must determine whether or not the plaintiff is representative of the class he seeks to represent for it is clear that "[one] may not represent a class of [which he is] not a part". *Bailey v. Patterson*, 1962, 369 U.S. 31, 33, 82 S.Ct. 549, 550, 7 L.Ed. 2d 512; *Hall v. Beals*, 1969, 396 U.S. 45, 90 S.Ct. 200, 24 L.Ed.2d 214; *Wells v. Ramsey, Scarlett & Company, Inc.*, 506 F.2d 436, 437 (5th Cir., 1975). From the Complaint and the files and record of the case, it is clear that the plaintiff McClinton is "a Negro" who was employed by the defendant as a Foreman when he was discharged on or about January 20, 1971 because of lack of work. As a Foreman, plaintiff McClinton was not a member of the Union

bargaining unit whose wages, promotions, job descriptions and seniority are governed by Union contracts. In Paragraph I. of his Motion for Class Certification, plaintiff lists Calvin Smith and Arlanders Manley as two of the nine named class members. The employment records of the defendant, however, indicate that neither Smith nor Manley were ever Foremen with the defendant as was plaintiff McClinton. Under the rationale of the *Wells* case, supra, plaintiff McClinton has not shown a sufficient nexus with Messrs. Smith or Manley and could not sue on their behalf. Thus, the size of the potential class is further cut by two and perhaps more from the group of twenty mentioned by plaintiff in Paragraph II. of his Motion for Class Certification.

In summary, the Court, having considered the Motion for Class Certification and the response thereto together with the record and files of the case, is of the opinion and so finds that plaintiff McClinton has failed to carry his burden in establishing that the prerequisites of Rule 23, Federal Rules of Civil Procedure, have been met in the instant case. In particular, plaintiff has failed to show that the class is so numerous that joinder of all members is impracticable in that he has shown the existence of a class of not more than twenty-nine and perhaps as few as seven members all to be found in the same geographic location. Further, plaintiff McClinton has not met his burden in showing that he will fairly and adequately represent the interests of the class; that there are questions of law or fact common to the class; or that his claims are typical of the claims of the class. The Court further finds that plaintiff has had adequate opportunity for discovery of any and all facts which might support his Motion for Class Certification in that the instant action has been on file in excess of one and a half years and further the Court allowed plaintiff an additional forty-five days

within which to file his Motion for Class Certification with the supportive factual material and even after this additional time plaintiff has failed utterly to meet and carry his burden in establishing that the instant action is one which may properly proceed as a class action pursuant to Rule 23, Federal Rules of Civil Procedure.

It is, therefore, ordered, adjudged and decreed that plaintiff's Motion for Class Certification Pursuant to Rule 23, Federal Rules of Civil Procedure, be, and the same is hereby, in all things denied.