S. Debra **MILLER**, on behalf of herself and on behalf of all other persons similarly situated, Plaintiff,

v.

**MOTOROLA, INC.,** Defendant.

No. 77 C 2004.

United States District Court, N. D. Illinois, E. D.

Nov. 10, 1977.

Howard A. Specter, Michael D. Buch-wach, Pittsburgh, Pa., Perry Goldberg, Specks & Goldberg Ltd., Chicago, Ill., for plaintiff.

Robert E. Haythorne, Kirkland & Ellis, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

FLAUM, District Judge:

The instant action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e–17, and concerns a claim of sex discrimination. In her complaint, plaintiff alleges that she was employed by defendant, Motorola, Inc., as an attorney from April, 1974 until April 15, 1976 when she was laid off or terminated by Motorola. Plaintiff alleges that her termination was due to certain sex discrimination policies applied by defendant.

Presently before the court is defendant's motion to strike the class action allegations of plaintiff's complaint. Fed.R.Civ.P. 23(c)(1). Motorola contends that based on the allegations of the complaint as well as certain undisputed facts plaintiff cannot proceed to litigate her claim for the class delineated in her complaint and that she must proceed individually. In Ms. Miller's complaint, she seeks to represent the class of

all present and future female employees and job applicants of Motorola and all

females who were employed by, or who applied for employment with, the Defendant, [sic] in positions within Motorola's EEO–1 designated categories of officials and managers or professionals, at any time on or after July 2, 1965.

After reviewing the pleadings, this court must agree with Motorola that plaintiff may not represent the class delineated in her complaint and that the class she could represent is not so numerous as to make joinder impracticable. Fed.R.Civ.P. 23(a)(1). As the Supreme Court has recently stated:

We are not unaware that suits alleging racial or ethnic discrimination are often by their very nature class suits, involving classwide wrongs. Common questions of law or fact are typically present. But careful attention to the requirements of Fed.Rule Civ.Proc. 23 remains nonetheless indispensable. The mere fact that a complaint alleges racial or ethnic discrimination does not in itself insure that the party who has brought the lawsuit will be an adequate representative of those who may have been the real victims of that discrimination.

*East Texas Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 97 S.Ct. 1891, 1898, 52 L.Ed.2d 453 (1977). It is axiomatic that this admonition applies with equal force to class actions involving claims of sex discrimination and accordingly this court must insure that the class representative, Ms. Miller, possesses "the same interest" and has suffered "the same injury" as the class she seeks to represent. *Id.* at 1896.

It is clear that plaintiff's proposed class is overbroad for a variety of reasons which are based on undisputed facts. First, plaintiff seeks to represent all *future* women employed by Motorola. However, such "prospective" classes have been rejected by the Supreme Court in *Mathews v. Diaz*, 426 U.S. 67, 72–73 n. 3, 96 S.Ct. 1883, 48 L.Ed.2d 478 (1976). Second, plaintiff's class stretches back to 1965 and it is clear that plaintiff may only represent those women who could have filed charges with the EEOC within 180 days of the date Ms. Miller filed her charge, or from January 24, 1976, up to the date the instant complaint was filed, June 6, 1977. *See Wetzel v. Liberty Mutual Ins. Co.*, 508 F.2d 239, 246 (3d Cir. 1975); *Pandis v. Sikorsky Aircraft Div. of U.T.C.*, 431 F.Supp. 793, 798 (D.Conn.1977); *Wilhite v. South Central Bell Tel. & Tel. Co.*, 426 F.Supp. 61, 66 (E.D.La.1976); *Sweet v. General Tire & Rubber Co.*, 74 F.R.D. 333, 337 n.13 (N.D. Ohio 1976). Third, although plaintiff's proposed class seeks to represent all female employees and job applicants who were not hired or promoted fairly, her complaint only indicates that she was allegedly discriminated against in being terminated. Thus, since plaintiff was hired, promoted, and given an opportunity to transfer, as the undisputed facts show, she cannot properly represent a class consisting of people who were allegedly denied those opportunities because of sex. *See, e. g., Blankenship v. Wometco Blue Circle, Inc.*, 59 F.R.D. 308, 309 (E.D. Tenn.1972). *Barrett v. United States Civil Service Comm'n*, 69 F.R.D. 544, 554 (D.D.C. 1975). Accordingly, plaintiff may seek to represent only those female officials, managers and professionals employed by Motorola who were laid off or terminated between January 24, 1976 and June 6, 1977.

However, as the undisputed affidavit of Mr. Kovacik states, only 20 women were laid off during January 24, 1976 and June 6, 1977 by Motorola. While the numerosity requirement of rule 23(a)(1) is not specific in terms of where the cutoff is on the issue of "numerosity," this court is of the opinion that 20 aggrieved persons in a class are not so numerous as to make joinder impracticable. *See, e. g., McClinton v. Turbine Support, Div. of Chromalloy Am. Corp.*, 68 F.R.D. 236 (W.D.Tex.1975) (29 persons not too numerous).

Therefore, defendant having established by undisputed facts that plaintiff cannot maintain this action on a class basis, defendant's motion to strike the class allegations of the complaint is granted.[1]

It is so ordered.

1. This result, of course, disposes of plaintiff's discovery requests presently pending and defendant's motion for a protective order is granted to the extent plaintiff seeks discovery on class issues.