George **MILLER** et al., Plaintiffs,

v.

Floyd **PEEPLES** et al., Defendants.

No. GC 77 63 S.

United States District Court,
N. D. Mississippi,
Greenville Division.

March 21, 1978.

Solomon C. Osborne, North Miss. Rural Legal Services, Greenwood, Miss., for plaintiffs.

Luke J. Schissel, W. S. Stuckey, Jr., Schissel & Stuckey, Greenwood, Miss., for defendants.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

Plaintiffs George and Mildred Miller are black resident citizens of Beat IV, Leflore

County, Mississippi. Defendant Floyd Peeples (hereinafter "Peeples") is the duly elected, qualified and acting Justice Court Judge of Beat III of Leflore County. Defendant Curtis Underwood (hereinafter "Underwood"), is a resident citizen of Leflore County, Mississippi, and is President of Defendant Credit Bureau of Greenwood, Inc. (hereinafter "Bureau").

Plaintiffs seek to prosecute this case as a class action. The affidavit of their counsel in support of their request and a motion for class certification has been filed. The classes which plaintiffs seek to represent are described in the motion as follows:

*Class No. 1*: All Freeholders of Beats of Leflore County other than Beat III, who have been sued in Beat III on debts and claims not incurred or arising in Beat III, Leflore County.

*Class No. 2*: All persons who have satisfied judgments obtained against them in Beat III, Justice Court, and who have subsequently had funds belonging to them garnished on the basis of the judgments that have been satisfied.

Defendants have moved for summary judgment. The parties have filed affidavits in support of their respective positions and the matter has been submitted on the record and memoranda of the parties.

The factual background for the litigation will serve a useful purpose in the disposition of the issues before the court. The following facts, undisputed in all material matters, are reflected by the record.

Peeples is the Justice Court Judge of Beat III, Leflore County Mississippi. Plaintiff Mildred Miller (hereinafter "Mrs. Miller") resides in Beat IV. The Greenwood Leflore Hospital sued Mrs. Miller in Peeples' court and obtained judgment against her on December 2, 1976, for an indebtedness which she owed the hospital. The summons was issued on November 15, 1976. A Writ of Garnishment was issued on the judgment on January 12, 1977, and served on the employer of Mrs. Miller.

Mrs. Miller states in an affidavit filed by her that she paid Peeples the balance due on the account when given notice of the suit. The record shows, however, that the payment was made on December 3, 1976, the next day after the judgment was entered. The writ of garnishment was later released without costs to Mrs. Miller.

Peeples' version of the matter is different. In his affidavit, Peeples states that the hospital recovered a judgment in his court against Mrs. Miller; that upon receiving a suggestion of garnishment from the hospital, he issued a writ of garnishment and caused it to be served on Mrs. Miller's employer; that he subsequently learned that Mrs. Miller had given his secretary a check in payment of the judgment; and that he immediately dismissed the garnishment at no cost to Mrs. Miller. Peeples also states that he would not have issued the garnishment had he known the judgment had been paid, and, to his knowledge, he has never issued a garnishment on a judgment which had been previously satisfied.

In his affidavit George Miller (hereinafter "Miller") states that he was sued in Peeples' court by Master Charge on an account which he owed the company; that the Master Charge debt had been placed for collection with the Bureau; that the suit was instituted by the Bureau acting through Underwood. Miller claims that Underwood was engaged in the unauthorized practice of law in bringing the suit. Miller further states that he informed Peeples prior to the date of trial that he did not live in Beat III, but in Beat IV, and that the debt was not contracted in Beat III. Miller contends that he requested that Peeples transfer the suit to the Beat in which he resided, and that the request was ignored. Miller's affidavit and supporting papers reflect that on the day of trial he appeared in Peeples' court and presented a motion to dismiss because of improper venue, and that no one appeared on behalf of the Bureau to contest the motion. The motion was denied by Peeples and a judgment entered.

Miller also states that Peeples regularly accepts suits against persons who are residents of Beats other than Beat III, the Beat over which Peeples presides.

Peeples shows by way of affidavit that he regularly accepts suits wherein the defendant is a resident of the county, regardless of the Beat in which the defendant may reside and, upon the request of a defendant who is not a resident of his Beat, that he immediately transfers the suit to the Justice Court Judge of the Beat in which the defendant resides.

Underwood states in his affidavit that he institutes suits in the Justice Courts of the County, with the owner's permission, for collection of accounts placed with the Bureau for servicing. In each instance, Underwood presents the Justice Court Judge with suit papers and a cost deposit. Underwood states that he does not undertake to institute suits in any court other than a justice court.

In Count I of the complaint, Mrs. Miller seeks to recover from Peeples compensatory damages of $5,000 and punitive damages in the same amount. Mrs. Miller alleges in Count One that Peeples has a practice of issuing garnishments on judgments that have been paid; also that he issues other process without legal authority. The record does not disclose any other instance where Peeples has issued a writ of garnishment on a judgment which has been previously satisfied. Peeples denies the charge in this affidavit.

In Count II Miller seeks to recover compensatory damages in the sum of $5,000 and punitive damages in a similar amount. He sues Peeples and Underwood basing his charge against Underwood on the theory that Underwood violated his rights by acting as the attorney for Master Charge. Specifically Miller charges that Peeples' refusal to dismiss the suit, entering judgment against him and subsequently issuing the garnishment writ were illegal acts and performed without authority of law. Miller contends that the illegal acts of Peeples and Underwood deprived him of property rights protected and guaranteed by state and federal laws. Miller claims that he has suffered physically, emotionally and financially because of the wrongful acts of Peeples and Underwood. Miller also charges that Underwood conspired with Peeples to deprive Miller and members of the class he seeks to represent of their rights without due process of law, and he seeks an injunction against Underwood to restrain him from the unauthorized practice of law and against Peeples from accepting suits in his court where the debtor does not reside in Beat III, unless the debt was contracted in that Beat.

The only evidence introduced to support the class request is an affidavit by counsel. The affidavit states that twenty individuals sued in the Peeples' court do not reside in Beat III, nor were the debts sued upon contracted there.

For the reasons hereinafter stated, the court finds that plaintiffs may not represent the classes of individuals hereinbefore defined, and that the motion for summary judgment is well taken and should be sustained.

■ One prerequisite to the bringing of a class action, is that the class is so numerous that joinder of all members is impracticable. Fed.R.Civ.P. 23(a)(1). Miller seeks to represent the members of Class No. 1. The only evidence in the record to support the numerosity requirement for this class is the affidavit of Miller's counsel. The court finds that the twenty individuals listed in the affidavit do not constitute a class which is so numerous that joinder of all members is impracticable. The plaintiffs have failed to show that the numerosity requirement of the suit has been accomplished for the proposed Class No. 1.

■ Mrs. Miller seeks to represent the members of Class II. The only occasion reflected in the record where Peeples issued a writ of garnishment on a judgment which had been theretofore satisfied was the one issued in the case of Mrs. Miller. There is a complete lack of evidence to satisfy the numerosity requirement as to Class II.

There are other convincing reasons why the action should not be certified as a class action; as will be hereinafter shown.

■ The Mississippi law is clear that Peeples while acting as Justice Court Judge of Beat III had general jurisdiction[1] of actions for the recovery of a debt against each named plaintiff.

Section 171, Art. 6 of the Mississippi Constitution (Miss.Code Ann. 1972–Cum.Supp.1977), provides in pertinent part that "[a] competent number of justice court judges . . . shall be chosen in each county in the manner provided by law, but not less than two (2) such judges in any county." This section was inserted into the Constitution pursuant to the proclamation of the Secretary of State on December 8, 1975.

The legislature in adopting Chapter 497, Laws 1974, effective March 10, 1975, Miss. Code Ann. (1972 Cum.Supp.1977) § 9–11–1 made provisions for the creation of districts in each county for the election of Justice Court Judges, the boundaries of each district to be the same as those for the election of members of the Board of Supervisors, and for the election of at least one justice court judge in each district.

Miss.Code Ann. (1972) § 11–9–101, provides in pertinent part:

The jurisdiction of every justice of the peace shall be coextensive with his county, and he may issue any process in matters within his jurisdiction, to be executed in any part of his county; but every freeholder or householder of the county shall be sued in the district in which he resides, if there by a justice acting therein and qualified to try the suit, or in the district in which the debt was contracted, the liability incurred, or in which the property may be found.

■ Peeples, a Justice Court Judge of Beat III, having general jurisdiction over the demand by Master Charge against Miller was expressly authorized by Section 11–9–101, *supra* to issue summons in the suit for Miller to be executed in any part of Leflore County. Miller's obligation was to answer the process. This he did, by filing a motion to dismiss on the grounds of his residency. Miller did not request a change of venue. Peeples did not dismiss the suit. He rendered judgment against Miller who did not appeal from the judgment to the Circuit Court of the county as he had the right to do. The decision was made by Peeples in the performance of his duties as Justice Court Judge and was rendered in an action pending on the docket of his court over which he had general subject matter jurisdiction. Under these circumstances, he enjoys absolute immunity for any suit by Miller. *Humble v. Foreman*, 563 F.2d 780 (5th Cir., 1977).[2]

Miller also complains of Underwood's part in the matter. Mississippi Code Ann. (1972) Section 11–9–105 provides in pertinent part:

Any one desiring to sue before a justice of the peace shall lodge with him the evidence of debt, statement of account, or other written statement of the cause of action; and thereupon the justice of the peace shall issue a summons for the defendant, returnable to the next term of his court, . . . . .

■ Underwood filed an affidavit concerning his activities in processing accounts which were placed with the Bureau for collection. The pertinent part of the affidavit follows:

I receive delinquent accounts receivable from the owners thereof who desire me to effect collection for a 40% contingency of any amounts collected. I attempt collection first by letter then by personal contact with the debtor. However, if collection is unsuccessful by these methods. I file suit against the debtor with the owner's permission. All suits are initiated in the Justice Courts of Leflore County, Mississippi. I ascertain as far as possible the address of the debtor for the Court. I present to the Court an item-

---

1. The civil jurisdiction of Justice Court Judges is fixed in an action for debt at an amount not in excess of $500.00. Miss.Code Ann. (1972, Cum.Supp.1977) § 9–11–9.

2. *See, also Grundstrom v. Darnell*, 531 F.2d 272 (5th Cir. 1976). The immunity enjoyed by Peeples as against Miller's claim applies with equal force as to the claim of Mrs. Miller.

ized statement showing the amount due, advance court costs of $15.00 and execute an Affidavit of Account. Once judgment is obtained, I request from the court execution on judgment or execute a suggestion of garnishment.

I do not file suit of any kind in any other Courts whatsoever.

I have never conspired with Floyd Peeples individually or as Justice Court Judge of Beat III, Leflore County, Mississippi, to deprive Plaintiffs or anyone else of their rights and property without due process of law.

The filing of an affidavit with the Justice Court Judge pursuant to the terms of the statute and having process issued thereon, does not, in the opinion of the court, constitute the practice of law. Should the court be mistaken, Miller is not within the group of people who can legally challenge Underwood's activities. Mississippi has a statute which makes the unauthorized practice of law without a license a crime. The statute provides for penalties for the violation thereof. Miss.Code Ann. (1972). § 97–23–43. *See*, also Miss.Code Ann. (1972) § 73–3–55. The state is the proper party to prosecute those who violate the criminal laws of the state. The Mississippi State Board of Bar Admissions is authorized by Miss.Code Ann. (1972) § 73–51–1 to seek an injunction preventing an unlicensed person from practicing law in the state. The Mississippi Supreme Court in *Darby v. Mississippi State Board of Bar Admissions*, 185 So.2d 684 (1966) held that local Bar Associations have a right to sue for injunctive relief against a party who practices law without the proper license and that the courts have inherent authority, independent of statute, to decide what acts constitute the practice of law.

There is no evidence presented to the court to contradict or place in issue Underwood's sworn statement that he has never conspired with Peeples to deprive Miller or any other person of property rights or to deny them the due process of law.

 Be that as it may, a claim of conspiracy with Peeples, who is immune from suit, cannot be sustained against Underwood. As a private citizen, Underwood could not have conspired with a person acting under color of state law against whom a valid claim could not be stated. *Humble v. Foreman, supra.*

When considering a motion for summary judgment, the court cannot consider allegations or conclusions contained in the pleadings or memoranda of counsel. The propriety of granting the motion must be determined from the facts shown to exist by affidavits, depositions, admissions, answers to interrogatories, or stipulation. When the record is considered in the light of facts shown to exist from such sources, the court concludes that there is no genuine issue as to any material fact and that defendants are entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c).

Accordingly, the court will enter an order denying certification of a class to be represented herein by the named plaintiffs, sustaining the motion for summary judgment and dismissing the complaint at the cost of plaintiffs.