**STATE SECURITY INSURANCE COMPANY, Plaintiff,**

v.

**FRANK B. HALL & COMPANY, INC., et al., Defendants.**

**No. 81 C 4167.**

United States District Court, N.D. Illinois, E.D.

Aug. 27, 1982.

---

Robert G. Holstein, John M. Mack, Ronald J. Lukes, Holstein, Mack & Associates, Chicago, Ill., for plaintiff.

Terry M. Gram, James R. Vogler, Steven G. Golberg, Winston & Strawn, Chicago, Ill., for Frank B. Hall & Co.

John J. Verscaj, Bell, Boyd & Lloyd, Chicago, Ill., for Touche Ross & Co.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

State Security Insurance Company ("State Security") proceeds against a number of corporate defendants on theories grounded in common law fraud, conspiracy, contract and agency concepts. Complaint Count XI (the last claim asserted) is filed under Fed.R.Civ.P. ("Rule") 23 "on behalf of all companies and individuals similarly situated." State Security has now moved for class certification under Rule 23(a) and 23(b)(3). For the reasons contained in this memorandum opinion and order, State Security's motion is denied.

State Security seeks to represent a class of at least 28 insurance companies it claims were victimized by wrongful conduct of Frank B. Hall & Co., Inc. ("Hall"), Frank B. Hall & Co., Inc. of Texas ("Hall Texas") and Touche Ross & Co. ("Touche Ross").[1] Hall Texas had acted as broker for the insurance companies before it was acquired by Hall. After the acquisition Hall discovered the prior owner had engaged in extensive irregular practices. Hall retained Touche Ross to assist Hall and its lawyers in its identification of the transactions involved and in developing a plan to deal with the Texas authorities, the insurance companies and the insured parties. According to the Complaint the defendants engaged in a number of "fraudulent and deceptive practices" such as:

    1. failing to remit to the class members premiums collected from insureds;

    2. failing to notify class members of the receipt of premiums from insureds;

    3. maintaining at least two sets of premium account books to hide the receipt of some premiums from class members;

    4. issuing endorsements, policies and certificates of insurance for greater limits and kinds of coverage than reported to class members;

    5. refunding premiums to class members under circumstances that made the refund part of an attempt to "cover up" the antecedent deceptive practices.

### Standards for Class Certification

Every class certification inquiry is controlled by Rule 23(a) and 23(b). As a

---

1. Count XI is unclear in its allegations against Touche Ross (it collectivizes "defendants," and the "fraudulent and deceptive practices" to which it adverts appear to involve only Hall and Hall Texas). Nothing in this opinion should be taken as an expression of views as to the Count XI claim (if any) against Touche Ross.

threshold matter the putative class action must satisfy the four prerequisites of Rule 23(a). If those are met, the court must find one of the subparagraphs of Rule 23(b)— here both the "predominance" and "superiority" requirements of Rule 23(b)(3)—independently satisfied as well.

In the present posture of this case, State Security's motion certainly founders on the "numerosity" test of Rule 23(a)(1) and the "superiority" standard of Rule 23(b)(3). In addition, the "predominance" criterion of Rule 23(b)(3) is fulfilled marginally if at all.

*Numerosity*

Rule 23(a)(1) requires the class to be "so numerous that joinder of all members is impracticable." State Security sought to represent a class of both insurers and insureds (Complaint ¶ 63). After counsel for defendants correctly pointed out the inherent conflict of interest would bar adequate representation of such a class by State Security,[2] it disavowed its original claim and narrowed its sights to a class of *insurers*.

██ But that more limited class poses its own problems for State Security. *Zahn v. International Paper Co.,* 414 U.S. 291, 301–02, 94 S.Ct. 505, 511–12, 38 L.Ed.2d 511 (1973) requires that each class member have an independent ground for federal jurisdiction over its claim. Count XI poses no federal question, so jurisdiction can rest only on diversity grounds. That requires each class member to be diverse in citizenship from each defendant and to possess a claim for at least $10,000 exclusive of attorneys' fees and costs.

Complaint ¶ 67 names 28 class members besides State Security. State Security's filings in support of its motion claim a class of 40 members, a number plainly drawn from Exhibit C ("Amounts Due to Insurance Carriers") to Touche Ross' April 18, 1979 report to Hall.

██ Because the jurisdictional underpinning for that claimed class is inherently suspect, this Court cannot find State Securi-

ty has sustained its burden of demonstrating numerosity. Even at best the size of the alleged class is in the uncertain range for class determination, so that more than simply the number of potential claimants must be shown.[3] And there is reason to believe the potential class would be a good deal smaller—enough reason to require a showing from State Security instead of its present unsupported assertion.

Of course this Court recognizes the amounts Hall actually paid the insurance companies are not determinative of the size of their potential claims (claims alleging fraudulent concealment). However such payments *are* indicative of the number and size of Hall Texas' transactions with each company, and that *does* bear on the size of the possible claims. Touche Ross Exhibit C reflects more than $10,000 as payable to each of only ten of the insurers. Fifteen of the 40 were shown as due less than $1,000 each, while nine more were shown as due less than $5,000 each.

There is no need now to define in absolute terms a sufficient number to satisfy Rule 23(a)(1) under the circumstances of this case. It is enough for the present to keep the burden of persuasion on State Security until the demonstrated numbers at least reach the levels the case law has required for certification. *See, e.g., Miller v. Motorola, Inc.,* 76 F.R.D. 516, 518 (N.D. Ill. 1977); *Thompson v. T.F.I. Companies, Inc.,* 64 F.R.D. 140, 146 (N.D. Ill. 1974) and cases cited; *McClinton v. Turbine Support Division,* 68 F.R.D. 236, 238 (W.D. Tex. 1975); A. Miller, *op. cit. supra* n. 2.

Moreover common sense dictates a contemporaneous inquiry whether class members—many of them substantial insurance companies—whose claims *do* exceed the $10,000 jurisdiction amount would need or want vicarious representation in a jurisdiction foreign to them, carried on by attorneys who are strangers to them. It would disserve judicial economy to certify a mar-

---

2. *See,* e.g., *Swain v. Brinegar,* 517 F.2d 766, 780 (7th Cir. 1975); *Wetzel v. Liberty Mutual Ins. Co.,* 508 F.2d 239, 256 (3d Cir. 1975).

3. A. Miller, *An Overview of Federal Class Actions,* 4 Justice System J. 197, 203 (1978).

ginal class, only to be confronted with enough opt-outs to call for decertification. Finally, some of the potential class members may not be diverse in citizenship from the defendants, wholly requiring their exclusion from the class under *Zahn.*

In sum, State Security has moved for certification of a class whose size is *at best* in the lower reaches of Rule 23 permissibility. All the other concerns that could affect numerosity also point to denying current certification. And that conclusion is solidified by the predominance and superiority considerations next discussed.

*Predominance and Superiority*

Under Rule 23(b)(3) class certification is appropriate only where:

> the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Both "predominance" and "superiority" are at least open to question here.

Hall and Hall Texas urge "each of the alleged frauds must be proved by each purported class member," so as to prevent a finding of "predominance" under Rule 23(b)(3). There is force to that contention. Each element of a Count XI cause of action for fraud, breach of contract and breach of duty owed by an agent must be established by each class member to recover. Any *agreement* between defendants and each class member, the *misrepresentations* made to each class member and the *damages* suffered by each will have to be proved individually. While the presumed similarity of the legal basis for many (though not all) of the insurers' claims might ease the problem, any claimed predominance of common issues under Count XI is no more than marginal.

Of course some important questions would be common to the class claimants: materiality of the misrepresentations (assuming the same statements were made to many or all the insurers), Hall and Hall

Texas' scienter and the reasonableness of the class members' reliance, to name the obvious ones. But the existence of so many individual questions differentiates this from the ordinary securities fraud class action, where a common misrepresentation or set of misrepresentations in an offering or sale provides the basis for a finding of "predominance."

Lack of a clear-cut predominance of common issues, as distinguished from merely similar ones, necessarily influences this Court's finding on "superiority." Another key factor in that respect is the inconvenience of this forum in total litigation terms. Only State Security and its counsel are located here. None of the defendants is a citizen of Illinois or resides here. None of the individuals who control the Hall defendants and were ultimately involved with the facts on which State Security's cause of action relies is amenable to this Court's process. See this Court's earlier opinion at 530 F.Supp. 94 (N.D. Ill. 1981).

State Security can choose the terrain to do battle on its own *individual* claims. However, for *class* action purposes Rule 23(b)(3)(C) makes relevant a consideration of the overall convenience of this forum to *all* the litigants and potential litigants.

*Conclusion*

As stated at the outset, State Security has not prevailed under Rule 23(b) any more than under Rule 23(a). This Court cannot in good conscience now determine under Rule 23(c)(1) that this action is to be maintained as a class action. State Security's motion for class certification is therefore denied.

State Security may desire to renew its motion hereafter based on an additional showing as to the putative class members (in both Rule 23(a) and 23(b) terms). If so this Court suggests that it review with the Court and opposing counsel its proposed communications with the insurance companies. This is not at all intended to revive former Civil Rule 22 of this Court (*see Gulf Oil Co. v. Bernard,* 452 U.S. 89, 101 S.Ct.

2193, 68 L.Ed.2d 693 (1981)). Rather the Court would want to verify, in discharge of its own Rule 23(c) responsibilities, that any class members' responses had been made in the context of full disclosure.

