### In re BAYOU HEDGE FUND INVESTMENT LITIGATION.

Broad–Bussel Family Limited Partnership, Maria Louise Michelsohn, Michelle Michelsohn, and Herbert Blaine Lawson, Jr., individually and on behalf of all other persons and entities similarly situated, Plaintiffs,

v.

Bayou Group LLC, et al., Defendants.

Nos. 06 MDL 1755(CM), 06 CV 3026(CM), 07 CV 2026(CM).

United States District Court, S.D. New York.

Jan. 24, 2008.

Order on Reconsideration and Clarification Feb. 11, 2008.

MEMORANDUM ORDER DISMISSING MOTION TO CERTIFY CLASS AS AGAINST THE BAYOU DEFENDANTS AND DENYING MOTION TO CERTIFY SUBCLASS AS AGAINST THE HENNESSEE DEFENDANTS

McMAHON, District Judge.

Before the Court is a motion brought by the Broad–Bussel Plaintiffs to certify (1) a class consisting of all similarly situated investors who, during the period between December 31, 1996 and August 25, 2005 (the "Class Period"), purchased or maintained investment interests in one or more of the Bayou family of hedge funds (the "Bayou Hedge Funds"), and were damaged thereby (the "Class"); and (2) a subclass consisting of all class members who, during the Class Period, were advised to invest, or were placed, in the Bayou Hedge Funds pursuant to an investment advisory relationship with the Hennessee Group LLC, and suffered damages thereby (the "Hennessee Subclass").

The motion to certify the Class is dismissed as improvidently filed. The only defendants remaining in this action against whom the proposed Class could proceed are the Bayou Defendants themselves. All the Bayou Defendants are in bankruptcy. As a result, this action is stayed as against the Bayou Defendants and this Court lacks the authority, absent withdrawal of the reference (which would never be granted as to these fundamentally core claims), to enter any order in this action in violation of the automatic stay.

Furthermore, it would be a waste of the Bayou Defendants' limited resources to certify a class. By this point, it is apparent that

nothing whatever will be gained by the prosecution of a class action against the Bayou Defendants. All putative members of the class have been required to file claims in the bankruptcy proceeding, and those claims will be resolved in the Bankruptcy Court. The order of restitution being fashioned for entry in the three criminal cases (which this Court is supervising) will provide whatever additional measure of relief (if any) can be afforded to the members of the putative Class. Certifying a Bayou Class would only generate unnecessary work for me and unwarranted fees for attorneys who would end up doing little or no work. I do not intend for a dime our of the Bayou Estate to be spent on fees for class counsel who are pursuing a case that will never be litigated to judgment.

This action is not stayed as against the Hennessee Defendants, however, so the motion to certify the Hennessee Subclass will be considered as a motion to certify a class of persons who were advised by Hennessee.

That motion is denied because plaintiffs have not demonstrated that joinder of the 20 or so parties who have not already brought their own individual actions against Hennessee (and who thus are presumptively disinterested in pursuing their claims in the context of a class action) would be impracticable. Therefore, the class is insufficiently numerous for certification.

Plaintiffs identify only twenty-nine parties as Hennessee clients who were placed into Bayou-related investments. Twenty-nine is well below the number of persons who ordinarily are certified as a class. Moreover, the record reveals that, of the twenty-nine, two are already part of the Broad–Bussel group of plaintiffs (Broad–Bussel Family Limited Partnership and Caroline B. Glass); seven others (or one-quarter of the members of the proposed Hennessee Class) have already commenced individual arbitrations against Hennessee; and one (Craig Bollman) has been found by the Court not to be a Bayou investor. So the putative class is down to the Broad–Bussel plaintiffs and nineteen other investing entities. Courts in this district have repeatedly refused to certify classes so small. *Miller v. Peeples*, 456 F.Supp. 38 (D.Miss.1978) (declining to certify a class of 20 persons); *Miller v. Motorola, Inc.*, 76 F.R.D. 516 (N.D.Ill.1977) (same); *Haggerty v. Comstock Gold Co., L.P.*, 1986 WL 7797 (S.D.N.Y. July 3, 1986) *(declining to certify class of 25)*; *Bayridge Volvo American, Inc. v. Volvo Cars of North America, Inc.*, 2004 WL 1824379 at *5 (S.D.N.Y.2004) (denying class certification of proposed class of at most 27 members).

As far as appears from the record, all nineteen other potential class members are sophisticated investors, and given their resources (as attested to in their applications to invest), they could readily bring their own individual actions or commence individual arbitrations if they were inclined to pursue claims against Hennessee. Also, their names and addresses are known to plaintiffs, and counsel could readily contact them and see if they want to join in this action. All the claims against the Hennessee Defendants are state law claims, and I do not know if joining any of these parties would destroy diversity, because I have not been told by putative class counsel who these individuals or entities are or where they are located. But I view certifying a miniscule class as an inappropriate way around the Congressionally—mandated limitations on this Court's jurisdiction.

Analyzing the factors set forth in *Ansari v. New York University*, 179 F.R.D. 112, 114–15 (S.D.N.Y.1998), it seems clear that this is not a case where class treatment is either necessary or desirable. While judicial economy will generally result from the avoidance of multiple actions, in this case we already have multiple actions—eight of them, to be exact. As those arbitrations have been proceeding for well over a year—some may even have gone to hearing since this motion was filed—certifying a class is unlikely to produce judicial economy by reducing the number of pending matters. The nineteen potential members of the Hennessee Class are alleged to be geographically dispersed. I have been offered no evidence to support this assertion (it appears only in the Memorandum of Law), but it is of little moment. A noted above, their names and addresses are known and they can be readily located. These nineteen entities have both financial resources and the ability and sophistication to file individual actions or arbitrations against Hennessee if they wish to do so. And there is no issue of future relief in this action.

The fact that the claims against Hennessee are intertwined with the claims against Bayou does not, in the circumstances of this case, argue in favor of having all potential claimants against Hennessee litigating as a class. The Bayou Defendants have, through their principals, admitted the frauds that underlie the claims against them, and they are not contesting any investor's right to relief (except to the extent that they are seeking the return of monies paid to certain investors shortly before the fraud came to light). There are no litigation efficiencies to be achieved here, because the claims against Bayou are, as noted above, not going to be resolved in this action. They will be allowed or disallowed by Judge Hardin and then discharged. The claims against Hennessee will proceed not be litigated along with the claims against Bayou. They will proceed on their own track—either in a court of law or in an arbitral forum. Any investors who sue Hennessee can make whatever use they wish of Bayou's admissions of guilt; and should any one plaintiff achieve a victory against Hennessee in a judicial (not arbitral) forum, a Hennessee investor who is not a party to this lawsuit, and who is not already participating in an arbitration, can bring an action and assert collateral estoppel offensively as to any aspect of his or her claim that is substantively identical to the claims of the prevailing plaintiff. More than this is not necessary to "preserve judicial resources." *Weiss v. La Suisse Societe D'Assurances Sur La Vie*, 226 F.R.D. 446, 454, n. 6 (S.D.N.Y. 2005)

The motion to certify a Hennessee Class is, therefore, denied.

This constitutes the decision and order of the Court.

## MEMORANDUM ORDER DISPOSING OF MOTION FOR RECONSIDERATION OR CLARIFICATION OF THE COURT'S ORDER OF JANUARY 24, 2008

Last Friday afternoon, I received a motion from class counsel seeking "reconsideration" or "clarification" of the Court's January 24, 2008 Order.

In the January 24 Order, I did two things. First, I dismissed as improvidently filed the motion to certify a class against the Bayou Defendants (a term that I define no differently than Class Plaintiffs do at page 3 of the Motion for Reconsideration), because of the pending bankruptcy proceeding involving them. Second, I denied the motion to certify a subclass against the "Hennessee Defendants"—the Hennessee firm and the two individuals associated therewith (Elizabeth Lee Hennessee and Charles Gradante).

I did not consider that the motion was addressed to any defendant who had already been dismissed from the action, and so did not discuss the propriety of certifying a class as against Citibank, Faust Rabbach & Oppenheim LLP or Steven D. Oppenheim.

I neither certified nor declined to certify a class in connection with the allegations against the Fotta/Eqyty Defendants, who are the only other parties defendant in the *Broad–Brussel* cases.[1] Frankly, I overlooked them. Given what was, and was not, in the moving papers, that was easy to do.

The entirety of plaintiffs' argument in favor of class certification focused on the commonality of claims that Bayou investors could bring against the Bayou Defendants, and that a subset of investors could bring Hennessee Defendants. There is a great deal of discussion about the nature of those claims, especially the claims against the Bayou Defendants. The moving brief contains *not one word of analysis about the claims against the Fotta/Eqyty Defendants,* or any explanation of why the claims asserted against them are ripe for classwide determination. Indeed, they are mentioned just once in the moving brief—as having "allegedly" provided research to Bayou—in a list of so-called aider and abettor defendants, most of whom had been dismissed from the case months earlier. (See page 4 of the Moving Brief)

---

1. Although originally named as a defendant, Sterling Stamos Capital Management, L.P., disappeared from the caption before the case was transferred to this court by the Multi–District Panel.

I might have turned my attention to the claims against these defendants if I had seen their September 28, 2007 Memorandum supporting class certification. Unfortunately, I did not receive a courtesy copy of that Memorandum. As I have told counsel repeatedly, if I do not get a courtesy copy, the paper does not exist for me; I do not scour the electronic case file looking for random documents that relate to pending motions. Now that my attention has been called to this document, I have printed it out. All it does is ask the court to certify a class so that a settlement can be effectuated. That does not help me decide the motion for class certification on the merits.

To fill in the huge gap in plaintiffs moving papers, I have today gone back over the Amended Class Complaint. It alleges that Fotta was a Principal and Member of the Bayou Group and that his firm Eqyty Research and Management LLC received $700,000 from Bayou Securities between 2003–2005, allegedly for "research on stocks." The Amended Complaint further alleges that the Bayou Defendants halted all stock trading in about April 2004. The Amended Complaint alleges that the Fotta/Eqyty Defendants participated in the Bayou Defendants' misappropriation of class member assets though their receipt of these funds.

The claims against the Fotta/Eqyty Defendants may well be ripe for class treatment. But had I focused on an application to certify a class in connection with the claims against the Fotta/Eqyty Defendants, I would have denied class certification on the ground that plaintiffs utterly failed to demonstrate that there were questions common to the entire class inherent in the claims against those defendants. To the extent that these defendants may have participated in the Bayou debacle, it was only during the last two years of the class period, so it would not be appropriate to certify a class as against them going back to 1996. Yet no subclass was proposed as to the Fotta/Eqyty Defendants. Furthermore, it is not clear whether the claims against them relate only to the period after Bayou halted trading in equity securities, or whether the claims also extend to research services performed while Bayou was still trading in stocks. There was no discussion of these defendants, and no effort made to differentiate them from the Bayou Defendants. There is absolutely no way that I could or would have certified any class on the record before me.

By this order, I am denying the motion to certify a class against the Fotta/Eqyty Defendants without prejudice to the renewal of such motion on a proper record—one that discusses the claims against *those* defendants, not the claims against the Bayou Defendants. If that showing comes in connection with a motion to approve a settlement, so be it.

There is one more thing that apparently needs to be clarified. After receiving Friday's communication from Class Counsel, I reviewed the 2006 and 2007 orders dismissing the Citibank, Faust Rabbach & Oppenheim LLP and Stephen D. Oppenheim, because I did not recall that I had dismissed those defendants "without prejudice," as asserted by Class Counsel in the Motion for Reconsideration. (No such assertion was made in the footnote at page 4 of the Moving Brief on the Motion for Class Certification). My memory is correct. The dismissals were not "without prejudice." The claims against these defendants were dismissed on the merits, in extensive decisions that analyzed the allegations against those defendants and concluded that plaintiff had failed to state a claim for relief as a matter of law. Such dismissals are decidedly "with prejudice" and no one reading those decisions could possibly think otherwise.

I trust that this "clarifies" matters for Class Counsel.

I thank Class Counsel for pointing out that the January 24, 2008 Order was not docketed in 07 Civ.2026 as well as in 06 Civ. 3026. That was my fault; I neglected to put both docket numbers next to the caption. We will redress that error today.

This disposes of the motion for reconsideration or clarification. The Clerk of the Court should mark the motion "decided" and remove it from my motion report.