David SHABAZ, individually and on behalf of all others similarly situated, Plaintiffs,

v.

POLO RALPH LAUREN CORPORATION, a Delaware corporation dba Delaware Polo Ralph Lauren Corporation; and Does 1 through 500, inclusive, Defendants.

Case No. SACV 07–1349 AG (ANx).

United States District Court, C.D. California.

Aug. 25, 2008.

Bryan Melvil Thomas, Douglas J. Del Tondo, Del Tondo and Thomas, J. Douglas Kirk, Kirk & Toberty, Timothy L. Joens, Timothy L. Joens & Associates, Irvine, CA, for Plaintiff.

Donna L. Wilson, Joanna Baden–Mayer, John W. McGuinness, Thomas E. Gilbertsen, Kelley Drye Collier Shannon, Washington, DC, John H. L'Estrange, Jr., Joseph T. Ergastolo, Wright & L'Estrange, San Diego, CA, John M. Callagy, Kelley Drye and Warren LLP, New York, NY, for Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS OR, ALTERNATIVELY, TO STRIKE

ANDREW J. GUILFORD, District Judge.

Before the Court is the Motion of Defendant Polo to Dismiss or, Alternatively, to Strike ("Motion"). After considering all the arguments submitted by both parties,

the Court GRANTS in part and DENIES in part the Motion.

## BACKGROUND

This case is based on Plaintiff's allegation that Defendant Polo Ralph Lauren Corporation and other unnamed Defendants (collectively "Defendants") violated California law during a sales transaction between Defendants and Plaintiff. According to Plaintiff's First Amended Complaint ("Complaint"), Plaintiff used a credit card to make a purchase from Defendants. (Complaint ¶ 11.) Plaintiff alleges that at the time of the purchase, "Defendants requested and/or required Plaintiff to provide his address and telephone number, which Defendants recorded as a part of processing the credit card transaction." (*Id.*) Plaintiff alleges that this violated California Civil Code § 1747.08 ("§ 1747.08"). That code section prohibits corporations from requesting and recording the personal identification information of people paying for goods with a credit card.

Plaintiff brings this case as a class action, alleging that Defendants "have employed a pattern, scheme, practice and/or policy ... whereby Defendants have requested and/or required that purchasers provide personal information to Defendants as part of the processing of the credit card transactions." (*Id.* ¶ 12.) Plaintiff alleges that Defendants committed these violations over a three-year period. (*Id.* ¶ 6.) Plaintiff seeks an award of attorney's fees, costs, an injunction, and "an award of a statutory penalty pursuant to [§ 1747.08(e) ] for Plaintiff and for each person similarly situated for each violation of [§ 1747.08] in an amount to be determined by the trier-of-fact at trial." (Complaint 6:26–7:2.) Plaintiff demands a jury trial.

Defendants have moved to dismiss the Complaint in its entirety for failure to state a claim upon which relief could be granted. Alternatively, Defendants ask the Court to dismiss the claim for injunctive relief, to strike portions of the class allegations, and to strike Plaintiff's jury trial demand.

## LEGAL STANDARD

### 1. MOTION TO DISMISS

■■■ A complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Fed R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ. P. 8(a)(2). "Ordinary pleading rules are not meant to impose a great burden upon a plaintiff." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)). Thus, a complaint may not be dismissed for failure to state a claim where the allegations plausibly show "that the pleader is entitled to relief." *Bell Atlantic*, 127 S.Ct. at 1965. Conversely, a complaint should be dismissed for failure to state a claim where the factual allegations do not raise the "right of relief above the speculative level." *Id.*

### 2. MOTION TO STRIKE

■■■ Federal Rule of Civil Procedure 12(f) provides that a court "may order stricken from any pleading any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). This includes striking parts of the prayer for relief when the relief sought is "not recoverable as a matter of law." *Lazar v. Trans Union LLC*, 195 F.R.D. 665, 668

(C.D.Cal.2000) (quoting *Bureerong v. Uva-was*, 922 F.Supp. 1450, 1459 n. 34 (C.D.Cal. 1996)). Motions to strike are generally disfavored, *see, e.g., Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982); *Quintana v. Baca*, 233 F.R.D. 562, 564 (C.D.Cal.2005), and "are generally not granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of litigation." *LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F.Supp. 820, 830 (N.D.Cal.1992)

## ANALYSIS

### 1. MOTION TO DISMISS THE ENTIRE COMPLAINT

Plaintiff's Complaint alleges that Defendants violated § 1747.08(a)(2) during a credit card transaction with Plaintiff. Defendants have moved to dismiss, arguing that Plaintiff's Complaint does not allege an essential element of § 1747.08(a)(2).

Section 1747.08(a)(2) prohibits:

Request[ing], or requir[ing] as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to provide personal identification information, which the person, firm, partnership, association, or corporation accepting the credit card writes, causes to be written, or otherwise records upon the credit card transaction form or otherwise.

Defendants assert that, to state a claim under § 1747.08(a)(2), a plaintiff must allege that a request for personal identification information was made "as a condition of accepting the credit card." Plaintiff responds that the request for information need not be made "as a condition of accepting the credit card." The Court agrees with Plaintiff.

In *Florez v. Linens 'N Things, Inc.*, 108 Cal.App.4th 447, 451, 133 Cal. Rptr.2d 465 (2003), the California Court of Appeal specifically addressed this issue. *Florez* held:

"[S]ection 1747.8 is designed to prevent a 'request' for personal information, because a customer might perceive that request as a condition of credit card payment. In effect, the 1991 amendment prevents a retailer from making an end-run around the law by claiming the customer furnished personal identification data 'voluntarily.' In fact, the Enrolled Bill Report No. 1477 (1991–1992 Reg. Sess.), specifically addressed this problem, noting '[t]his bill would prohibit requesting *or* requiring that information.' As we read it, the legislative intent suggests the 1991 amendment simply clarified that a 'request' for personal identification information was prohibited if it immediately preceded [a] credit card transaction."

*Florez*, 108 Cal.App.4th at 453, 133 Cal. Rptr.2d 465. Thus "the *Florez* court held that a plaintiff need not allege that a defendant's request for personal identification information was a condition to accepting the credit card in order to sufficiently state a cause of action for violation of § 1747.08." *Korn v. Polo Ralph Lauren Corp.*, 2008 WL 2225743, *3 (E.D.Cal. May 28, 2008) (citing *Florez*, 108 Cal.App.4th at 451, 453, 133 Cal.Rptr.2d 465). "Rather, a plaintiff may state a cause of action by alleging that a defendant requested such information in conjunction with a credit card transaction." *Id.*

Defendants attempt to distinguish *Florez*, arguing that in *Florez*, the plaintiff had specifically pled that she believed that the defendant had requested her personal information "as a condition of" the credit card transaction. (Reply 9:1–3.) Defendants claim that *Florez* "turned on whether the plaintiff *perceived* the provision of personal identification as involuntary or as

'a condition' to completing the credit card transaction." (Reply 9:3–6 (emphasis in original).)

Defendant is wrong. *Florez* states that the purpose of § 1747.08 is to prevent requests where a "customer might perceive that request as a condition of credit card payment." *Florez*, 108 Cal.App.4th at 453, 133 Cal.Rptr.2d 465. It does not turn on whether the customer actually percieved the request as such. *See Korn*, 2008 WL 2225743 at *4 ("The court's holding in *Florez* was based upon its analysis and interpretation of the plain language of the statute, and the court did not rely upon or mention the plaintiff's specific allegation that she believed the request was a condition in arriving at its conclusion.")

Accordingly, Plaintiff's Complaint adequately states a claim for relief under § 1747.08, and the Motion is DENIED as to Defendants' Motion to Dismiss the Complaint for failure to state a claim upon which relief can be granted.

## 2. MOTION TO DISMISS THE CLAIM FOR INJUNCTIVE RELIEF

■ Defendants also allege that Plaintiff's second claim for injunctive relief should be dismissed because "§ 1747.08 does not permit private parties to pursue injunctive relief." (Motion 6:1–2.) The Court agrees. Section 1747.08(e) authorizes consumers to sue for civil penalties under the statute. Section 1747.08(f) authorizes "the Attorney General, or any district attorney or city attorney within his or her respective jurisdiction" to sue for an injunction under the statute. This language indicates that California consumers do not have a right to sue for an injunction under the statute. *See People v. Narron*, 192 Cal.App.3d 724, 738, 237 Cal.Rptr. 693 (1987) (citing *Passenger Corp. v. Passenger's Assn.*, 414 U.S. 453, 458, 94 S.Ct. 690, 38 L.Ed.2d 646 (1974)) ("[W]hen legislation expressly provides a particular remedy or remedies, courts should not expand the coverage of the statute to subsume other remedies. When a statute limits a thing to be done in a particular mode, it includes the negative of any other mode.") (internal quotations omitted); *Korn*, 2008 WL 2225743 at *7 ("A plain reading of the statute as a whole reveals, unambiguously, that plaintiffs may sue for civil penalties while the Attorney General or other government actor may sue for both civil remedies and injunctive relief.")

■ Plaintiff further argues that Cal. Code. Civ. P. § 526(a)(5) grants Plaintiff an equitable right to sue for an injunctive remedy because "damages would be extremely difficult to ascertain." (Opposition 15:16.) This argument fails, because the damages sought in this case are statutory and easy to determine. Thus, Defendants' Motion to Dismiss Plaintiff's claim for injunctive relief is GRANTED without leave to amend.

## 3. MOTION TO STRIKE CLASS ALLEGATIONS

Defendants move to strike certain class allegations in the Complaint, making two arguments. First, Defendants argue that Plaintiff cannot represent a class that consists of consumers who would sue under different subsections of § 1747.08 than Plaintiff. Defendants move to strike class allegations concerning consumers injured under the different subsections. Second, Defendants argue that the class cannot include consumers injured over a three-year period because the applicable statute of limitations is one year. Defendants move to strike class allegations encompassing three years.

### 3.1 Class Allegations Concerning Consumers Who Would Sue Under § 1741.08(a)(1) and (3)

As stated, Plaintiff's Complaint asserts that Defendants violated § 1747.08(a)(2).

But Plaintiff's class allegations include consumers who would sue under § 1747.08(a)(1), (2), or (3). Defendants assert that the Court should strike Plaintiff's class allegations regarding violations of 1747.08(a)(1) and (3) because Plaintiff lacks commonality and typicality with those putative class members. Plaintiff responds that "class certification issues are not properly addressed by Rule 12(b)(6) motions," (Opposition 21:7–8), and that their class allegation is sufficient.

■ Where "the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claims," courts may address class certification issues in a 12(b)(6) motion. *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 160, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982); *see also Kamm v. Cal. City Dev. Co.*, 509 F.2d 205 (9th Cir. 1975) (class allegation stricken because class relief was already provided by state action); *Miller v. Motorola, Inc.*, 76 F.R.D. 516, 518 (D.C.Ill.1977) (class allegations stricken where putative class members could not state a claim upon which relief could be granted, even though the class representative could). But here, it is not plain from the face of the complaint whether Plaintiffs class action allegations fail. The Court finds that such issues would be better dealt with at a fully briefed class certification hearing. Thus, the Court DENIES Defendants' Motion to Strike class allegations regarding putative class members that suffered violations of § 1747.08(a)(1) and (3).

### 3.2 Statute of Limitations

Defendants argue that the statute of limitations applicable to § 1747.08(e) is one year, under Cal.Code Civ. P. § 340. Thus, Defendants argue that class allegations defining the class as people suffering violations of § 1747.08 within the last three years must be stricken, because the class must be limited to one year. Plaintiff responds that the applicable statute of limitations is three years under Cal.Code Civ. P. § 338.

■ A recent case from the California Court of Appeal has decided this question. *TJX Companies, Inc. v. Superior Court*, 163 Cal.App.4th 80, 84–87, 77 Cal.Rptr.3d 114 (2008). In that case, the Court of Appeal found that the applicable statute of limitations is one year. *Id.* This Court agrees. Therefore, the one-year statute of limitations under Cal.Code Civ. P. § 340 applies, and allegations of conduct unlawful under § 1747.08 occurring outside of the one-year statute of limitations should be stricken. Thus, the Court GRANTS Defendants' Motion to Strike class allegations encompassing more than one year.

### 4. JURY TRIAL

Finally, Defendants argue that Plaintiff's jury trial demand should be stricken because Plaintiff is not entitled to a jury trial. Plaintiff counters that he is entitled to a jury trial under the Seventh Amendment to the United States Constitution.

■ A district court may strike a jury demand if the court finds that the issues presented are not entitled to a jury trial. *Plechner v. Widener College, Inc.*, 569 F.2d 1250, 1255–58 (3rd Cir.1977). The right to a jury trial in federal court is a question of federal law. *Kampa v. White Consol. Industries, Inc.*, 115 F.3d 585, 587 (8th Cir.1997).

■ The Seventh Amendment protects a party's right to trial by jury in suits which "the *common* law recognized among its old and settled proceedings," and in "suits in which *legal* rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable rem-

edies were administered.'" *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 347–48, 118 S.Ct. 1279, 140 L.Ed.2d 438 (1998) (citing *Parsons v. Bedford*, 3 Pet. 433, 447, 7 L.Ed. 732 (1830)) (emphasis in original). The Seventh Amendment also requires a jury trial in "actions brought to enforce statutory rights that are analogous to common-law causes of action ordinarily decided in English law courts in the late 18th century, as opposed to those customarily heard by courts of equity or admiralty." *Id.* at 348, 118 S.Ct. 1279.

To determine whether a statutory action is more similar to legal or equitable suits, courts look to (1) the nature of the action; and (2) the remedy sought. *Tull v. U.S.*, 481 U.S. 412, 417, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987). "First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity." *Id.* (citing *Pernell v. Southall Realty*, 416 U.S. 363, 378, 94 S.Ct. 1723, 40 L.Ed.2d 198 (1974); *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 477, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962)). "Second, we examine the remedy sought and determine whether it is legal or equitable in nature." *Id.* at 417–18, 107 S.Ct. 1831 (citing *Curtis v. Loether*, 415 U.S. 189, 196, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974); *Ross v. Bernhard*, 396 U.S. 531, 542, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970)).

Plaintiff argues that he is entitled to a jury by comparing his claim to a copyright infringement claim. The Court is not convinced by that comparison. Copyright claims warrant juries because intellectual property rights were historically protected under the English common law and because those claims are at least partially compensatory in nature. *Feltner*, 523 U.S. 340, 118 S.Ct. 1279. To the contrary, § 1747.08 is not compensatory. Instead, it is designed to discourage retailers from combining personal identification information with credit card data. Further, § 1747.08 implicates no interests existing at English common law. Section 1747.08 is a pure civil penalty, unlike copyright damages. Courts in similar cases have found such civil penalties to be equitable in nature and thus not entitled to jury determination. *See, e.g., Tull*, 481 U.S. at 418, 107 S.Ct. 1831; *DiPirro v. Bondo Corp.*, 153 Cal.App.4th 150, 62 Cal.Rptr.3d 722 (2007).

Thus, claims under § 1747.08 are not guaranteed jury trials by the Seventh Amendment. Defendants' Motion to Strike Plaintiff's jury demand is GRANTED.

## DISPOSITION

Defendants' Motion to Dismiss is GRANTED in part and DENIED in part. Defendants' Motion to Dismiss is DENIED as to the motion to dismiss the complaint in its entirety and GRANTED without leave to amend as to the claim for injunctive relief. Defendants' Motion to Strike is DENIED as to class allegations regarding putative class members that suffered violations of § 1747.08(a)(1) and (3) and GRANTED as to allegations outside the one-year statute of limitations and as to Plaintiff's jury demand.

IT IS SO ORDERED.